**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-0117-WJM

RACHAEL AUGEN,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a corporation,

    Defendant.

---

**ORDER *SUA SPONTE* REMANDING CASE TO
BOULDER COUNTY DISTRICT COURT**

---

    This matter is before the Court on Defendant's Notice of Removal (the "Notice"). (ECF No. 1.)  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

    In the Notice, Defendant avers that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  (ECF No. 1 ¶ 3.)  Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  The Notice sufficiently alleges that the Plaintiff and Defendant are citizens of different states.  (ECF No. 1 ¶ 3)  The only issue

here is whether there is sufficient evidence that the amount in controversy exceeds $75,000.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). This case arises out of an automobile accident caused by a third-party, in which Plaintiff was injured. (ECF No. 3 ¶ 4.) Plaintiff settled her claim against the third-party for the policy limits of $49,490. (*Id.* ¶ 7.) At the time of the accident, Plaintiff had an automobile insurance policy with Defendant, which included coverage for underinsured motorists. (*Id.* ¶ 10.) Because Plaintiff's settlement with the third-party did not cover the cost of her injuries, Plaintiff then filed a claim against her underinsured motorist policy, but Defendant denied the claim. (*Id.* ¶ 9.)

Plaintiff now seeks to recover damages for breach of an insurance contract, common law bad faith breach of an insurance contract. (*Id.* pp. 3-4.) Specifically, Plaintiff alleges that because of Defendant's conduct she is still suffering from ongoing medical care and incurring additional medical expenses, she has incurred a loss of earnings as well as a permanent loss of earning capacity. (ECF No. 3 ¶¶ 13-19.) Plaintiff however fails to assigned any particular value to her damages, stating only that her damages and losses exceed $49,490—the amount of the third-party settlement.

As the Complaint does not establish that the amount in controversy has been satisfied, the Court therefore must look to the Notice to determine if Defendant has "affirmatively established" the amount in controversy. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When doing so, the Court must keep in mind that the

"[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90.

Defendant's Notice of Removal only points to the fact that Plaintiff's state court civil cover sheet alleges that this action is worth in excess of $100,000. (ECF No. 1 ¶ 2; ECF No. 1-3.) This Court has repeatedly held that the election of the value of a case on a civil cover sheet is insufficient to establish the amount in controversy. *See, e.g., Humphreys v. American Family Mutual Insurance Co.*, 2008 WL 2787344 at *2 (D. Colo. July 15, 2008).

The party invoking federal jurisdiction—here, the Defendant—bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court starts with the presumption that there is no sufficient basis for subject matter jurisdiction and the burden is on the removing party to establish by a preponderance of the evidence the facts necessary to demonstrate the existence of such jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). The Court notes that Plaintiff executed a release to settle the third party claim for the available policy limit $49,490, and has therefore already been compensated in this amount. Defendant would have the Court assume, without any evidentiary basis, that Plaintiff's remaining unpaid losses exceed $75,000. Given the presumption against subject matter jurisdiction, the Court finds that the Notice of Removal is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the Court ORDERS that the above-captioned action is REMANDED

to the Boulder County District Court, Colorado.

Dated this 28th day of January, 2014.

BY THE COURT:

William J. Martínez
United States District Judge